```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WILLIAM COIT | : | NO. 19-mj-1846 |

MEMORANDUM

Bartle, J.                                                December  23, 2019

Before the court is the motion of defendant William Coit ("Coit") to revoke the decision of Magistrate Judge Elizabeth T. Hey to deny his pretrial release pursuant to 18 U.S.C. § 3142(e).

Coit is charged in a nine-count criminal complaint[1] with one count of engaging in the dealing of firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and § 924(a)(1)(D), six counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and two counts of distributing fentanyl, a controlled substance, in violation of 21 U.S.C. § 841(a)(l).

On November 8, 2019, after an evidentiary hearing, Magistrate Judge Hey ordered Coit to be detained without bail before trial.  Coit seeks review of this order under 18 U.S.C. § 3145(b).  We held an evidentiary hearing on December 20, 2019 and now make a de novo determination of Coit's eligibility for

---

1.   The United States has not yet filed an indictment.

pretrial release.  See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

The Bail Reform Act governs the issue of pretrial detention.  See 18 U.S.C. § 3142.  The Act provides that "[i]f, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  Id. § 3142(e)(1).

The Bail Reform Act provides for a rebuttable presumption in favor of detention in certain circumstances:

> (3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.).

Id. § 3142(e)(3) (emphasis added).

Coit concedes there is probable cause to believe that he has committed an offense punishable by ten or more years under the Controlled Substances Act.  21 U.S.C. § 841(b)(1)(C); 21 U.S.C. § 812(C) sched. II(b)(6).  Thus, subject to Coit

-2-

overcoming the presumption, we must presume that no conditions of pretrial release would protect the safety of the community and ensure Coit's appearance in this matter.

To overcome the rebuttable presumption, "the defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community."  United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986).  However, "the burden of persuading the Court that the defendant is dangerous or will not appear for trial remains with the Government."  See, e.g., United States v. Nichols, 2015 WL 2126807, at *1 (E.D. Pa. May 5, 2015).

We consider the following factors in assessing whether Coit has rebutted the presumption against pretrial release and whether the government has met its burden of persuasion:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a controlled substance. . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

-3-

>> (B) whether, at the time of the current
>> offense or arrest, the person was on
>> probation, on parole, or on other
>> release pending trial, sentencing,
>> appeal, or completion of sentence for
>> an offense under Federal, State, or
>> local law; and
>
> (4) the nature and seriousness of the danger
> to any person in the community that would be
> posed by the person's release.

18 U.S.C. § 3142(g).

As noted above, Coit is charged with engaging in the business of dealing firearms without a license, possessing several firearms as a felon, and distributing a mixture of a substance containing fentanyl. It appears that Coit is at least a Career Offender under the Advisory Sentencing Guidelines. See USSG § 4B1.1. Coit faces substantial penalties for these offenses if convicted which include a mandatory minimum of fifteen years in prison and a maximum of life. See 18 U.S.C. § 924; 21 U.S.C.A. § 841. Coit could also be subject to a fine of several million dollars. Id.

The United States has compiled substantial evidence in this case. In an affidavit attached to the complaint, Federal Bureau of Investigation Special Agent Robert Clark attests to the facts which support the charges against Coit. Special Agent Clark details several exchanges which occurred between August 21, 2019 and October 24, 2019 between Coit and a confidential

human source working for the FBI (the "CHS"). At these exchanges Coit sold to the CHS a semi-automatic shotgun, two semi-automatic rifles, and four semi-automatic handguns. After the CHS expressed an interest in purchasing heroin, Coit gave the CHS as a sample eight packets of a substance suspected to be heroin. Coit later sold 50 bundles — 750 individual packets — of the substance to the CHS. The CHS recorded each of these exchanges using an audio-recoding device provided by the FBI. The FBI also surveilled each exchange. Immediately after each of the exchanges, the CHS turned over all firearms and the drug packets. Samples from the packets field-tested positive for fentanyl.[2]

Special Agent Clark was available at the December 20, 2019 hearing to testify as to the evidence gathered against Coit. Coit stipulated to the contents of Special Agent Clark's affidavit for purposes of the hearing.[3] Coit concedes that the seriousness of the charges against him, the severity of the penalties he faces, and the evidence that the United States has compiled all weigh against pretrial release.

---

2. Heroin and fentanyl have similar effects on the user. Suppliers refer to them interchangeably.

3. The defense noted that the substances recovered during the investigation had not at the time of the hearing been lab-tested for fentanyl.

We turn to Coit's history and the danger his pretrial release poses to the community. Coit is 30 years old. He has lived with his grandmother in Philadelphia his entire life. He has seven children. His youngest was born recently on December 12, 2019 and is currently being treated in the Neonatal Intensive Care Unit at Einstein Medical Center.

Since turning 18, Coit has three times been arrested, charged, and convicted for possession of a controlled substance with intent to distribute. He has separately been convicted of driving under the influence, receipt of stolen property, and illegal possession of a firearm. Coit has also been convicted twice of felony escape for walking away from interim houses where he was required by court order to live under supervision.

Coit has violated probation three times as an adult. He also has a history of engaging in criminal conduct while on pretrial release. In 2018, Coit was arrested and charged with aggravated assault and illegal possession of a firearm. In 2019, Coit was arrested again for illegal possession of a firearm. Notably, Coit was awaiting trial in these cases when he engaged in the conduct at issue in this case.

Coit's mother, Mirian Acevedo, provided testimony at the December 20, 2019 hearing. She currently lives in Roslyn in Abington Township, Montgomery County. She testified that she believes Coit can begin to turn his life around, as she did,

once he is separated from negative influences in Philadelphia. She testified that if Coit is released pretrial she will take him into her home. Her employer has agreed to reduce her time at work from 60 hours to 55 hours a week. She stated that her employer has also agreed to employ Coit if released.

Coit argues that the United States has not charged him with a violent offense in this case and cannot therefore show that his pretrial detention is necessary to ensure the safety of the community. He argues also that if he is put under electronic surveillance and restricted to his mother's home his criminal conduct can be controlled. Finally, Coit asserts that he wants to be released so that he can be with his newborn child for Christmas and that the baby's arrival will deter him from improper conduct.

Absent law enforcement intervention, Coit would have put seven illegal firearms and a substantial amount of a deadly substance onto the streets of Philadelphia. While he is not charged with a violent offense, the sale of illegal firearms and deadly drugs poses a substantial danger to the Philadelphia community irrespective of whether he has engaged in violence himself.

Moreover, Coit's prior convictions and probation violations indicate a history of such conduct undeterred by the threat of further criminal prosecution. While we appreciate his

mother's testimony and her effort to create an environment amenable to her son's pretrial release, we doubt that her efforts, while sincere, will act as much of a deterrence.  While we appreciate Coit's belated concern for his newest child, the existence of his other six children has had no effect on his past criminal conduct, and we doubt the existence of a seventh will change the picture.

  Coit's extensive criminal history and the danger he would pose to the Philadelphia community substantially weighs against his pretrial release.  His release pretrial would threaten the safety of the community.  The United States has met its burden to establish by clear and convincing evidence that Coit is a danger to the community.  Consequently, we need not address the issue of flight risk.

  For these reasons, the motion of William Coit to revoke the denial of pretrial release will be denied.