IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 20-198 |
| | : | |
| WILLIAM COIT | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, Salvatore L. Astolfi, Assistant United States Attorney, and Brendan J. O'Malley, Special Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On June 25, 2020, William Coit was charged in an Information with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(a) (Count One); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Two through Five, Eight, Ten, and Eleven); and distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts Six, Seven, and Nine).

2. The Information also contained Notices of Forfeiture. Notice of Forfeiture 1 alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of his violations of 18 U.S.C. §§ 922(a)(1)(A), and 922(g)(1) (Counts One, Two through Five, Eight, Ten, and Eleven); and pursuant to 21 U.S.C. § 853, as a result of his violations of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts Six, Seven, and Nine). Notice

of Forfeiture 2 also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. On June 22, 2020, the defendant entered into to a Guilty Plea Agreement whereby he agreed, inter alia, to plead guilty to Counts One through Eleven of the Information. The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to his sentencing.

5. On August 3, 2020, the defendant pleaded guilty to Counts One through Eleven of the Information pursuant to the Guilty Plea Agreement referenced above.

6. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally the firearms and ammunition involved in or used in the violations charged in Counts One, Two through Five, Eight, Ten, and Eleven of the Information; and pursuant to 21 U.S.C. § 853, to forfeit criminally (a) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Counts Six, Seven, and Nine of the Information, and (b) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

7. Based on the facts set forth at the defendant's plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Eleven of the Information, and that the government has established the requisite nexus between such property and such offenses:

  **a.** **One SKS, 7.62 x 39mm Norinco semi-automatic rifle, with a wooden stock and black barrel, bearing serial number 93-69250;**

  **b.** **One Ruger, model P85, 9mm semi-automatic pistol, bearing serial number 301-19546, loaded with 13 rounds of live ammunition;**

  **c.** **One Ruger, model P85, 9mm semi-automatic pistol, bearing serial number 304-08093;**

  **d.** **One black, Standard Manufacturing Co. LLC, model DP-12, 12-guage double-barrel semi-automatic shotgun, bearing serial number DP23943;**

  **e.** **One Diamondback Firearms, model DB15, 5.56 caliber rifle, bearing serial number DB1725015, loaded with 24 live rounds of ammunition;**

  **f.** **One Hi-Point Firearms, Model 4096, .40 caliber semi-automatic rifle, bearing serial number H38599;**

  **g.** **One Glock, model 22, .40 caliber semi-automatic pistol, bearing serial number CP5453, with an extended magazine loaded with 20 rounds of live ammunition;**

  **h.** **One Taurus, model PT111 G2 A, 9mm semi-automatic pistol, bearing serial number TLN19827; and**

  **i.** **Thirty-one rounds of .40 caliber S&W ammunition,**

as (a) the firearms and ammunition involved in or used in the violation of the aforesaid offenses alleged in Counts One, Two through Five, Eight, Ten, and Eleven, and (b) property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the

violations charged in Counts Six, Seven, and Nine (hereinafter referred to as the "Subject Property").

8. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

9. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

10. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

11. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

12. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 7 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

                                              Respectfully submitted,

                                              JACQUELINE C. ROMERO
                                              United States Attorney

                                              */s Sarah L. Grieb*
                                              SARAH L. GRIEB
                                              Assistant United States Attorney
                                              Chief, Asset Recovery and Financial Litigation

                                              */s Salvatore L. Astolfi*
                                              SALVATORE L. ASTOLFI
                                              Assistant United States Attorney
                                              BRENDAN J. O'MALLEY
                                              Special Assistant United States Attorney

Date:   July 29, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 20-198 |
| : | |
| WILLIAM COIT : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant William Coit's guilty plea as to Counts One, Two through Five, Eight, Ten, and Eleven of the Information, charging him with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count One); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Two through Five, Eight, Ten, and Eleven), the defendant is required to forfeit criminally any firearms and ammunition involved in such violations, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Further, as a result of the defendant's guilty plea to Counts Six, Seven, and Nine of the Information, charging him with distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts Six, Seven, and Nine), the defendant is required to forfeit criminally (a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, and (b) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, pursuant to 21 U.S.C. § 853.

3. All firearms and ammunition involved in or used in the defendant's violations of 18 U.S.C. §§ 922(a)(1)(A), and 922(g)(1) is forfeited to the United States.

4.  All property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations of 21 U.S.C. § 841(a)(1), (b)(1)C), and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, are forfeited to the United States.

5.  The Court has determined, based on the facts set forth at the plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Eleven of the Information, that the government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

   a. **One SKS, 7.62 x 39mm Norinco semi-automatic rifle, with a wooden stock and black barrel, bearing serial number 93-69250;**

   b. **One Ruger, model P85, 9mm semi-automatic pistol, bearing serial number 301-19546, loaded with 13 rounds of live ammunition;**

   c. **One Ruger, model P85, 9mm semi-automatic pistol, bearing serial number 304-08093;**

   d. **One black, Standard Manufacturing Co. LLC, model DP-12, 12-guage double-barrel semi-automatic shotgun, bearing serial number DP23943;**

   e. **One Diamondback Firearms, model DB15, 5.56 caliber rifle, bearing serial number DB1725015, loaded with 24 live rounds of ammunition;**

   f. **One Hi-Point Firearms, Model 4096, .40 caliber semi-automatic rifle, bearing serial number H38599;**

  g. **One Glock, model 22, .40 caliber semi-automatic pistol, bearing serial number CP5453, with an extended magazine loaded with 20 rounds of live ammunition;**

  h. **One Taurus, model PT111 G2 A, 9mm semi-automatic pistol, bearing serial number TLN19827; and**

  i. **Thirty-one rounds of .40 caliber S&W ammunition,**

as (a) the firearms and ammunition involved in or used in the violation of the aforesaid offenses alleged in Counts One, Two through Five, Eight, Ten, and Eleven, and (b) property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Count Six, Seven, and Nine (hereinafter referred to as the "Subject Property").

  4. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

  5. Upon entry of this Order, the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order, pursuant to Fed. R. Crim. P. 32.2(b)(3).

  6. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

7. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of

his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"), and to counsel for the parties.

ORDERED this ___ day of _____, 2022.

_____
**HONORABLE NITZA I. QUINONES ALEJANDRO**
**United States District Court Judge**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

**Lauren A. Wimmer, Esquire**
Wimmer Criminal Defense, PC
505 South Street
Philadelphia, PA 19147
215-712-1212
lauren@lawimmer.com
*Counsel for defendant William Coit*

*/s Salvatore L. Astolfi*
SALVATORE L. ASTOLFI
Assistant United States Attorney
BRENDAN J. O'MALLEY
Special Assistant United States Attorney

Date: July 29, 2022