IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 20-198 |
| | : | |
| WILLIAM COIT | : | |
| *Defendant* | | |

**PRELIMINARY ORDER OF FORFEITURE**

**AND NOW**, this 2nd day of August 2022, upon consideration of the Government's *motion for Judgment and Preliminary Order of Forfeiture*, (DOC. 83), it is hereby **ORDERED** that the motion is **GRANTED**, as follows:

1. As a result of Defendant William Coit's ("Defendant") guilty plea as to Counts One, Two through Five, Eight, Ten, and Eleven of the Information, charging him with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count One); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Two through Five, Eight, Ten, and Eleven), Defendant is required to forfeit criminally any firearms and ammunition involved in such violations pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Further, as a result of Defendant's guilty plea to Counts Six, Seven, and Nine of the Information, charging him with distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts Six, Seven, and Nine), Defendant is required to forfeit criminally (a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, and (b) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, pursuant to 21 U.S.C. § 853.

3. All firearms and ammunition involved in or used in Defendant's violations of 18 U.S.C. §§ 922(a)(1)(A), and 922(g)(1) are thereby forfeited to the United States.

4.	All property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations of 21 U.S.C. § 841(a)(1), (b)(1)C), and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, are forfeited to the United States.

5.	The Court has determined, based on the facts set forth at the plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific properties are subject to forfeiture as a result of Defendant's guilty plea to the illegal acts pled to and alleged in Counts One through Eleven of the Information; that the Government has established the requisite nexus between such property and such offenses; and that the following properties are forfeited to the United States:

a.	**One SKS, 7.62 x 39mm Norinco semi-automatic rifle, with a wooden stock and black barrel, bearing serial number 93-69250;**

b.	**One Ruger, model P85, 9mm semi-automatic pistol, bearing serial number 301-19546, loaded with 13 rounds of live ammunition;**

c.	**One Ruger, model P85, 9mm semi-automatic pistol, bearing serial number 304-08093;**

d.	**One black, Standard Manufacturing Co. LLC, model DP-12, 12-guage double-barrel semi-automatic shotgun, bearing serial number DP23943;**

e.	**One Diamondback Firearms, model DB15, 5.56 caliber rifle, bearing serial number DB1725015, loaded with 24 live rounds of ammunition;**

f.	**One Hi-Point Firearms, Model 4096, .40 caliber semi-automatic rifle, bearing serial number H38599;**

    g.  **One Glock, model 22, .40 caliber semi-automatic pistol, bearing serial number CP5453, with an extended magazine loaded with 20 rounds of live ammunition;**

    h.  **One Taurus, model PT111 G2 A, 9mm semi-automatic pistol, bearing serial number TLN19827; and**

    i.  **Thirty-one rounds of .40 caliber S&W ammunition,**

as (a) the firearms and ammunition involved in or used in the violation of the aforesaid offenses alleged in Counts One, Two through Five, Eight, Ten, and Eleven, and (b) property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Count Six, Seven, and Nine (hereinafter referred to as the "Subject Property").

    4.  Pursuant to Federal Rule of Criminal Procedure ("Rule") 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to Defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

    5.  Upon entry of this Order, the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order, pursuant to Rule 32.2(b)(3).

    6.  Upon entry of this Order, the Attorney General or a designee, pursuant to Rule 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including

depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

7. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than Defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than Defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged

interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Following the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"), and to counsel for the parties.

**BY THE COURT:**

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*